U.S. District Court
Eastern District of Texas
Tyler Division

Timothy Murphy #663115

v.

Brenda Coleman-Clanton

Civil Action No. 6:23 cv 395

Motions for Judgement and Relief

by Plaintiff

## Motion For Default Judgement

History:

Timothy Murphy #00663115 ("Plaintiff"), an inmate of the Texas Department of Criminal Justice ("TDCJ"), currently confined at the Mark W. Michael ("MI") Unit, did file, pro se, a civil rights violation complaint against Brenda Coleman-Clanton ("Defendant"), the MI Unit Food Service Department Head.

Plaintiff, a Jew, acknowledges both the Jewish tradition and the U.S. District Courts' consistent opinion that a vegetarian, or meat free, diet is an acceptable and a least restrictive means to observe kosher food laws as outlined in scripture [Murphy v. Scott, 2018 U.S. Dist. Lexis 85907]. Plaintiff further acknowledges that the TDCJ does make available a meat free/lacto-ovo vegetarian meal option [Ibid.].

In his complaint, Plaintiff states that Defendant denies him that meat free option when sack meals are distributed (which is with great frequency, especially as the MI Unit is currently experiencing a prolonged lockdown). Plaintiff also states in his complaint that by refusing him the meat free option, Defendant forces Plaintiff to choose between benefits of nutrition and well established tenets of his faith.

Now comes Plaintiff to Motion Court, pursuant to F.R.C.P. Rule 55, to find Default Judgement against Defendant for failure to respond to Plaintiff's complaint within time constraint ordered by Court [Document 4, Page 1, this action] [Holmes v. Mt. Run Sols., LLC 2020 U.S. Dist. Lexis 129452].

1

Motion:

Comes Plaintiff to move court to grant Default Judgement, pursuant to F.R.C.P. Rule 55, against Defendant for failure to respond, or otherwise plea, to Plaintiff's complaint within time constraint ordered by Court [Document 4, Page 1, this action] [Holms v. Mt. Run Sals., LLC, U.S. Dist. Lexis 129452].

Arguments:

On the 17th day of August, 2023, Court did order Defendant to respond to Plaintiff's complaint in no more than 30 days from date Defendant received said order by Court. [Document 4, Page 1, this action].

Plaintiff did receive, through U.S.P.S., via MI Unit Mailroom, a copy of abovestated order on the 22nd day of August, 2023, 5 days following the issuance of said order by Court. In good faith, although Defendant may be notified electronically, because the address of Defendant, as stated with the complaint, is also that of Plaintiff, Plaintiff has allowed the possibility that Defendant may have been notified of the order to respond to Plaintiff's complaint by the same method and means as was Plaintiff, therefore, setting Defendant's due response date at the 21st day of September, 2023.

In keeping with relative consistancy, Plaintiff has furthermore reasonably estimated the final date of anticipation for notice of Defendant's response to be that of the 26th day of September, 2023. Plaintiff did not receive that response by that reasonably estimated due date.

Given that the Office of the Attorney General for the State of Texas provides free defense counsel to employees of the TDCJ against actions against them by inmates of the TDCJ and that contact information and assistance is made available throughout MI Units Administration Building, Defendant may not reasonably argue a claim of undue burden in the obtainment of counsel as defense for failure to respond to complaint. [ASF Inops. Inc. v IOC Franchasing, LLC, 2023 U.S. Dist. Lexis 88162].

2

Pursuant to F.R.C.P. Rule 55(a), Plaintiff has requested (herewith) that Clerk enter Default by Defendant [Holms v. Mt. Run Sols., LLC, 2020 U.S. Dist. Lexis 129452].

Pursuant to F.R.C.P. Rule 55(b)(2), Plaintiff has motioned (herein) that Court grant Default Judgement against Plaintiff for failure to respond [Ibid.].

Conclusion:

Pursuant to F.R.C.P. Rule 55, because Defendant has failed to respond to Plaintiff's complaint within time constraint ordered by Court [Document 4, Page 1, this action] and Plaintiff's regard of F.R.C.P. Rule 55 by 1) requesting that Clerk enter Default by Defendant [Rule 55(a)] and Plaintiff's motion to Court for Default Judgement [Rule 55(b)(2)] Plaintiff does hereby move Court to Grant Default Judgement against Defendant.

---

## Motion To Grant Relief

### History:

The Texas Department of Criminal Justice ("TDCJ") Food Service Procedures Manual ("FSPM") includes provisions for Meat Free (Lacto-Ova Vegetarian) and Pork Free dietary options that may be requested by inmates. The purpose for those lists on the Master Diet List, which includes such lists as food allergies, medically prescribed diets and prescribed supplementary snacks, is to insure that individuals receive appropriate meals, etcetera, including when fed "In Cell" and when such meals are distributed.

The TDCJ Policy for placement onto the meat free or the pork free list is for inmates desiring such to submit an Form I-60, an "Inmate Request to Official", to the Food Service Department Head at which that inmate is confined. Once an inmate has been placed onto desired list, that inmate may not request a change of meat preferance option until no less than 6 calender months have passed since that inmate's most recent request.

Additionally, the Master Diet List is to be updated no less often than once every 7 calender days. That update is to include, but not be confined to, any changes in housing assignments. However, it is prudent that immediately following any change in one's housing assignment, the affected inmate notify the Food Service Department Head via Form I-60.

As a consciencious practitioner of his religious beliefs, Plaintiff is diligent in alerting Food Service Department Heads to any housing reassignments to insure he receives meat free meals, especially in light that sack meals have become commonplace on MI Unit over the last few years.

Plaintiff does acknowledge that prior to about the 30th day of May, 2023, Defendant did also exercise diligence to insure Plaintiff received meat free meals.

Relief Requested:

Injunctive Relief

Plaintiff has requested injunctive relief in the form that Defendant comply with policies and procedures as outlined in the FSPM.

Compensatory Relief

Plaintiff has requested compensatory relief in the amount of $350.00, the filing fee amount due inmates who file claims in forma pauperis, to be paid to either the U.S. District Court, Eastern District of Texas, 211 W. Ferguson St., Rm. 106, Tyler, Texas 75702 or to the TDCJ Inmate Trust Fund, Attention Court Collection, P.O. Box 629, Huntsville, Texas 77342-0629, as directed by Court, on behalf of Filing Fee owed by Plaintiff.

Arguments:

Personal involvement of defendants in alleged constitutional deprivations is prerequisite to an award of damages under 42 U.S.C.S. § 1983. In order to prevail

on a § 1983 cause of action against an individual, a plaintiff must show some tangeable connection between the constitutional violation alleged and that particular defendant [Webster v. Fischer, 694 F. Supp. 2d 163].

In a case brought under 42 U.S.C.S. § 1983, while the fact that an official holds a supervisory position is, standing alone, insufficient to establish that official's liability for the acts of his subordinates, there are several ways in which a supervisory official may be found personally liable for violating a plaintiff's constitutionally protected rights. The supervisory official may be deemed to have personal involvement when he ... (2) failed to remedy the wrong even after learning of a violation through a report or appeal, ... (4) acted in a grossly negligent manner in managing subordinates who caused the unlawful condition or event or (5) demonstrated deliberate indifference to the constitutional rights of the plaintiff by failing to act on information demonstrating that unconstitutional practice was taking place. [Keitt v. New York City, 882 F. Supp. 2d 412]

In the matter of injunctive releaf in the form of order by Court for Defendant to comply with the FSPM, that a Food Service Department Head comply with the FSPM is self evident.

In the matter of compensatory relief in the form of compensating plaintiff for cost incurred by this action; that the grievance received by Court with the complaint indicated a redundancy, and that, as stated on the grievance form, an attempt by the inmate to seek an informal resolution is prerequisite to submission of the grievance and that even after having been served a summons for a civil rights violation action in which a constitutionally protected right allegedly had been, and allegedly is still being violated, Plaintiff has demonstrated personal involvement by Defendant as required by Webster v. Fischer, 694 F. Supp. 2d 163 and defined by Keitt v. New York City, 882 F. Supp. 2d 412, as sufficient to waive 11th amendment bar state employee officials. [Ex parte Young, 209 U.S. 123].

5

Conclusion:

For the personal involvement, per, <u>Keitt v. New York City</u>, 882 F. Supp. 2d 412 and <u>Webber v. Fischer</u>, 694 F. Supp. 2d 163, in the ongoing violation of Plaintiff's constitutionally protected right, a right other reasonable Food Service Department Heads would have become aware of [<u>Club Retro v. Hilton</u>, 568 F.3d 181], by Defendant, Plaintiff does hereby move Court to Order:

1) in the form of injunctive relief, that Defendant comply with policies and procedures as outlined by the TDCJ Food Service and Procedures Manual; and

2) in the form of compensatory relief, that Defendant compensate Plaintiff in the amount of $350.00, the filing fee for inmates who file complaints in forma pauperis, to be paid to either the U.S. District Court, Eastern District of Texas, 211 W. Ferguson St., Rm. 106, Tyler, Texas or the TDCJ Inmate Trust Fund, Attention Court Collection, P.O. Box 629, Huntsville, Texas 77342, as directed by Court, on behalf of Plaintiff.

Additionally, Plaintiff does now hereby request Court consider prospective relief, as deemed appropriate by Court, for the potential event of failure by Defendant to comply with above ordered relief.

---

I, Timothy Murphy 00663115 do hereby declare under penalty of perjury the foregoing to be true and accurate.

Signed on this, the 26th day of September, 2023 by *Timothy B. Murphy*

---

I, Timothy B. Murphy 00663115 do hereby verify that a True Copy of forgoing has been provided to Brenda Coleman-Clanton by means of U.S.P.S. via Michael Unit Indigent Supplies Officer.

Signed on this, the 26th day of September, 2023 by *Timothy B. Murphy*

6

Murphy, Timothy B., #00663115
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

P.s.

In absence of any contact information in regard to counsel for Brenda Coleman-Clonton, Defendant, True Copies of foregoing have been addressed to address provided with complaint.

T.M.