**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DISIVION**

| | | |
|---|---|---|
| TIMOTHY MURPHY #00663115, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:23cv395 |
| | § | |
| BRENDA COLEMAN-CLANTON, | § | |
|     Defendant. | § | |

---

**DEFENDANT, BRENDA COLEMAN-CLANTON'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)**

---

Brenda Coleman-Clanton ("Defendant"), by and through the Office of the Attorney General of Texas, files this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12 (c). In support thereof, Defendant offers the following:

**I.     STATEMENT OF THE CASE**

Timothy Murphy ("Plaintiff") is an inmate confined to the custody of the Texas Department of Criminal Justice. ("TDCJ"). Since May 30, 2023, Plaintiff has been assigned to the Mark W. Michael unit in Tennessee Colony, Texas. D.E. 1. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit complaining since arrival at the Michael Unit, on frequent occasions he has not received meat-free sack meals when sack meals were distributed in lieu of hot meals. *Id.,* ¶ V. He alleges that TDCJ became aware of his vegetarian diet when he filled out the "meat option form" and returned it to the Food Services Department Head *Id.* On August 9, 2023, Plaintiff filed this lawsuit and attached his grievances for this issue. *Id.* and D.E. 1-2.

In Plaintiff's complaint, he asserts that "he is a faith based [sic] vegetarian after the fashion of Daniel." *Id.* But that is all he says with respect to his dietary restriction. He does allege affiliation with any particular religion or faith.  Likewise, he does not allege that being a vegetarian is important to or even a tenet of his faith. He does not allege that eating meat burdens his religious exercise and, if so,

whether that burden is substantial or merely trivial. He does not even allege that the failure to provide him vegetarian meals violated any particular right; instead, he merely alleges that TDCJ is not following its own food service policy and seeks an injunction requiring compliance with that policy. *Id.*

As described herein, a violation of TDCJ policy cannot form the basis of a civil rights claim. And even if the Court were to construe Plaintiff's complaint as seeking relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), his threadbare allegations are insufficient to state a claim under that statute.

## II.    STANDARD OF REVIEW

After the pleadings have closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). This type of motion should be viewed under the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party is entitled to dismissal when an opposing party fails to state a claim upon which relief may be granted. A dismissal is warranted when a complaint contains "conclusory allegations or legal conclusions masquerading as factual conclusions..." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) (quoting *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)); *see also, Taylor v. Books A Million,* 296 F.3d 376, 378 (5th Cir.2002). In fact, for a complaint "[t]o survive a motion to dismiss, [it] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) *(*quoting *Twombly*, 550 U.S. at 570); *see also City of Clinton,*

2

*Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556). However, the court need "not strain to find inferences favorable to the plaintiff[ ]." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 548-49 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). Thus, while a complaint is not required to contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. Ultimately, when reviewing a motion to dismiss, the court's inquiry is whether it can draw a reasonable inference that there is "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## III.    MERE VIOLATIONS OF TDCJ POLICY ARE NOT ACTIONABLE.

Plaintiff does not allege that Defendant's conduct violated any specific federal right or statute. Instead, he complains that Defendant failed to adhere to TDCJ's meal service policy. Violations of policy alone do not form the basis for a claim. As the Fifth Circuit has long held, a prison official's failure to follow prison rules or regulations, by itself, does not create a constitutional claim. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012). Without more, Plaintiff's complaint fails to state any cause of action and should be dismissed.

## IV.    TO THE EXTENT PLAINTIFF SUES UNDER RLUIPA, HE FAILS TO ADEQUATELY ALLEGE A SUBSTANTIAL BURDEN ON HIS RELIGIOUS BELIEFS.

Under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), "No government shall impose a **substantial burden** on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on

3

that person: (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. §2000cc (emphasis added). Thus, the *initial* inquiry to determine if a RLUIPA violation occurred is whether the government action resulted in a substantial burden to an inmate's religious beliefs. See *McFaul, supra* at 576. It is the plaintiff's burden to prove that the government action substantially burdens his religious exercise. *Mayfield v. Tex. Dept. of Criminal Justice*, 529 F.3d 599, 613 (5th Cir. 2004). In *Mayfield*, the Fifth Circuit, delineated the types of government actions that pose a substantial burden on an inmate's religious exercise. The court stated that a government action "creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Id.* at 570. If the plaintiff carries his initial burden, the government can show that its challenged action does not violate RLUIPA by demonstrating that the action furthers a "compelling government interest" and that the challenged action is the "least restrictive means" to further that interest. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011); *Mayfield*, 529 F.3d at 612.

Here, the Court need not analyze whether Defendant's action was supported by a compelling interest because Plaintiff has not alleged enough facts to demonstrate that he experienced a substantial burden upon his religious beliefs. Specifically, he has failed to assert how not receiving meat free sack meals, when sack meals are provided, posed a substantial burden on his religious exercise. Either Plaintiff needed to state why eating meat free is important to his religion, or how not receiving a meat free meal interferes with his religious exercise. *Meza v. Collier*, No. A-05-CA-1008 LY, 2007 WL 1655898 (W.D. Tex. June 5, 2007).

When an inmate fails to offer non-conclusory facts indicating a substantial burden on his religious exercise, courts will not hesitate to dismiss RLUIPA claims. Four examples are illustrative.

First, in *Meza*, the inmate complained that wearing his prison uniform to attend worship services violated RLUIPA. The court disagreed with Meza because he failed to plead any facts that demonstrate "his clothing is important to the exercise of his religion" or that how wearing a prison uniform interferes with his religious exercises." *Id.* at *4. The court noted that the inmate's complaint used conclusory terms and simple assertions without more. *Id.* Ultimately, the court found that even taking all of the allegations of Meza's complaint as true, "as a matter of law [the inmate's] complaint regarding having to attend services in his prison garb fails to state a claim under RLUIPA." *Id.*

Second, in *Ryals v. Escobar*, the inmate alleged he was denied requested materials on Odinism. No. EP-14-CV-117-PRM, 2015 WL 4590219 (W.D. Tex. Jan. 27, 2015). The court dismissed his RLUIPA claim, noting that the inmate did not allege that the "denial of these materials modifies his religious behavior in any way." *Id.* at *7.

Third, in *Rubio v. Diaz*, an inmate complained that he was being denied a specific bible which had names and addresses of family members written inside. No. CIVASA08CV0942NN, 2010 WL 183879, at *1 (W.D. Tex. Jan. 15, 2010). In addition, he stated that his Bible had sentimental value to him since he outlined scriptures. *Id.* The court held that the inmate failed to state a RLUIPA claim because he did not "complain about the imposition of a substantial burden on his religious exercise because he d[id] not complain about being pressured to significantly modify his religious behavior or significantly violate his religious beliefs." *Id.* at *2. The court went on to explain that sentimental value and inability to communicate with family members does not "rise to the level of a substantial burden on Rubio's religious exercise." *Id.* The district court dismissed the matter for the plaintiff's failure to state a claim under RLUIPA. *Id.*

Fourth, in *Jones v. Lumpkin*, an inmate alleged that TDCJ's mail inspection policy effectively resulted in extended delays in receiving religious publications. No. CV 4:21-3638, 2023 WL 4275476, at *6-7 (S.D. Tex. June 29, 2023). According to the inmate, these delays resulted in his missing certain

religious events announced in the publication. *Id.* The court found that the inmate "did not identify any substantial burden placed on him by the [challenged policy]. He therefore fails to state a claim upon which relief can be granted under RLUIPA, and his facial challenge to the policy will be dismissed." *Id.*

Here, the entirety of Plaintiff's claims include that he selected a meat free meal option on the requisite form, that he alerted the Food Services Department Head that he is a "faith based [sic] vegetarian after the fashion of Daniel" and that he did not always receive meat free sack meals **when sack meals were distributed** in lieu of hot meals. D.E. 1, ¶ V. Like in *Meza, Ryals, Rubio,* and *Jones,* Plaintiff does not allege sufficient facts to show a substantial burden on his religious exercise. As written in the grievances attached to Plaintiff's complaint, he did not receive meat free sack meals, at most, on three (3) occasions. D.E. 1-2. Moreover, Plaintiff never states what his faith is, much less why eating meat occasionally when sack meals are served constitutes a substantial burden on that faith. As the Fifth Circuit enunciated in *McFaul,* in order for Plaintiff to meet the initial prong of a substantial burden in a RLUIPA claim, he must assert that when he did not receive meat free sack meals, he was forced to significantly modify his behavior in a way that violated his religious beliefs. *See McFaul, supra* at 575-576. Accordingly, to the extent the Court construes Plaintiff's complaint as invoking RLUIPA, his claim fails as a matter of law.

V.    **CONCLUSION**

For these reasons, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Defendant respectfully requests this Court dismiss Plaintiff's claims pursuant to Fed.R.Civ.P. 12(c).

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ Alyson Chensasky
**ALYSON CHENSASKY**
Assistant Attorney General
Texas State Bar No. 14189300
Alyson.Chensasky@oag.texas.gov

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin TX 78711-2548

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, **ALYSON CHENSASKY**, Assistant Attorney General of Texas, certify that a correct copy

of the foregoing has been served on Plaintiff by placing it in the United States Mail, postage prepaid,

on April 30, 2024 addressed to:

Timothy B. Murphy, TDCJ #00663115        C**ertified Mail Receipt # 7020 1290 0000 7447 4333**
TDCJ-Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

 /s/ Alyson Chensasky
**ALYSON CHENSASKY**
Assistant Attorney General